(1 App. Div. 97.)
## McAVENEY v. BRUSH et al.

(Supreme Court, Appellate Division, First Department.  January 24, 1896.)

CONTEMPT—AWARDING DAMAGES.

    The general term, on reversing an order denying a motion to punish a defendant for contempt in giving a bond with fictitious and insufficient sureties, to discharge a mechanic's lien, should not impose as a fine the amount of the bond, but should remand it for further proceedings; Code Civ. Proc. § 2284, limiting the fine to an amount sufficient to indemnify the aggrieved party for actual loss sustained, except that where no loss is shown a fine of $250 shall be imposed.

On reargument.  For opinion on appeal, see 34 N. Y. Supp. 101. For order granting reargument, see 35 N. Y. Supp. 1110.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

George S. Daniels, for appellant.
Hector. M. Hitchings, for respondents.

VAN BRUNT, P. J.    For the reasons stated in the opinion of Mr. Justice DALY upon the decision of the appeal taken from the above-mentioned order to the general term of the court of common pleas, we are of the opinion that there was power in the court to punish for the contempt charged.  We think, however, that the court should have remitted the matter to the special term for further procedure, instead of attempting to fix the penalty to be imposed because of such contempt.  Indeed, the court may not have had the power to impose the fine sought to be imposed by the general term of the court of common pleas upon their decision of the previous appeal, as the fine must be limited to an amount sufficient to indemnify the aggrieved party for the actual loss or injury sustained (section 2284 of the Code), so far as it was in excess of $250 and costs.  The court, under circumstances similar to those in the case at bar, may possibly have the power, as a condition of waiving the imprisonment which it has the right to impose, to exact the performance of conditions which it cannot impose as a fine.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the matter remitted to the special term for further action.    All concur.